THE M. & I. S. R. Co. v. HIAMS ET AL.

1. **Taxation**: IN AID OF RAILROADS: CERTIFICATE OF CLERK OF ELECTION. The certificate of the clerk of election, required to be executed to the county auditor by chapter 123, laws of 1876, before the levy of a tax voted under its provisions is authorized, must contain all the particulars enumerated in said chapter, in addition to a copy of the notice under which the election was held; a reference to such notice for any of the conditions of the tax is not a sufficient compliance with the statute.

*Appeal from Hancock District Court.*

SATURDAY, APRIL 24.

ACTION for a writ of *mandamus* requiring the defendants, as members of the board of supervisors of Hancock county, to levy a tax alleged to have been voted in four townships of said county to aid in the construction of the plaintiff's road. The petition avers that the clerks of the different elections made and delivered to the county auditor their respective certificates of the elections in due form of law. Copies of the different certificates are set out and made part of the petition. The defendants demurred upon the ground that the certificates set out were insufficient, in that "they contain no conditions upon which said tax is claimed to have

been voted." The court sustained the demurrer. and rendered judgment for the defendants. The plaintiff appeals.

*O'Connell & Springer*, for appellant.

*H. H. Bush* and *H. N. Brockway*, for appellees.

ADAMS, CH. J.—I.   The appellant insists, in the first place, that the demurrer should have been overruled for the reason that it is not sufficiently specific.

Code, section 2649, provides that the demurrer shall specify the ground of the objection taken. The demurrer in this case does specify the ground of objection, and is, we think, sufficient in that respect.

II.   The petition avers that the certificates of the elections were made in due form of 'law. It is claimed by the appellant that this averment is admitted by the demurrer. The whole 'petition, however, must be construed together. The certificates having been set out and referred to as a part of the petition, we must take the form of them so shown as conclusive upon that point, and regard the averment in respect to due form as a conclusion of law.

III.   The statute under which the tax was voted, chapter 123 of the laws of Sixteenth General Assembly, provided

1. TAXATION: what shall be certified by the clerks of the elec-
in aid of rail-
roads : certif- tions to the auditor, as a condition precedent to the
icate of clerk
of election. levy of the tax. The certificate must show " the rate per centum of tax voted,   *   *   *   the year or years during which the same is to be collected, and the time and terms upon which the same, when collected, is to be paid to the railroad company under the conditions and stipulations in the notice, together with an exact copy of the notice under which the election was held." The certificates in this case showed the rate per centum of tax voted, but did not show the conditions provided in the statute except by reference to the notice of the election, which is attached as an exhibit to the certificate, and referred to as constituting a part thereof.

As the conditions are necessarily embraced in the notice, and as the notice is referred to as a part of the certificate, it is insisted by the appellant that the conditions are embraced in the certificate.

There is certainly much force in this view, and we should be inclined to sustain it but for the fact that the legislature provided that the conditions shall be embraced in the certificate, and an exact copy of the notice be set out also. We cannot dispense with a legislative provision so clearly expressed, merely upon the ground that it seems superfluous. Besides, we are not prepared to say that it is superfluous. The certificate is to be recorded. It and the record are to become the evidence of the rights and obligations of the respective parties. We are inclined to think that the care evinced by the provision, to guard against mistakes and accidents, is not greater than the importance of the matter demanded. It appears to us, therefore, that the demurrer was properly sustained.

AFFIRMED.